**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JERMAINE MENDEZ BURKHALTER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 14-CV-685-JED-FHM |
| | ) |
| ROBERT PATTON, ODOC Director, | ) |
| | ) |
| Respondent. | ) |

## AMENDED[1] OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action commenced by Petitioner, a state inmate appearing *pro se*. On January 9, 2015, Respondent filed a motion to dismiss the petition for failure to exhaust state remedies (Doc. 10). Petitioner filed a response to the motion to dismiss (Doc. 12). For the reasons discussed below, the Court finds the petition is a "mixed petition," subject to dismissal without prejudice for failure to exhaust state remedies. However, Petitioner will be afforded the opportunity to file an amended petition to omit the unexhausted claims.

### *BACKGROUND*

The record reflects that, at the conclusion of a jury trial held in Tulsa County District Court, Case No. CF-2009-3618, Petitioner Jermaine Mendez Burkhalter was convicted of three (3) counts of Sexual Abuse of a Minor Child, After Former Conviction of Two or More Felonies (Counts 1, 2, and 3); four (4) counts of Physical Abuse of a Minor Child, After Former Conviction of Two or More Felonies (Counts 4 through 7); and one misdemeanor count of Assault and Battery (Count 8). On February 27, 2012, the trial judge sentenced Petitioner, in accordance with the jury's

---

[1] Page 10 of the Opinion and Order entered June 9, 2015 (Doc. 13) is hereby amended nunc pro tunc to delete paragraph 1 and renumber the remaining paragraphs.

recommendations, to life imprisonment on Counts 1 through 3, twenty (20) years imprisonment on Counts 4 through 7, and ninety (90) days imprisonment and a fine of $1,000 on Count 8, with the sentences ordered to be served consecutively. *See* Doc. 11-1. At trial, attorney Lee Berlin represented Petitioner.

Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals (OCCA). Represented by attorney Andreas T. Pitsiri, Petitioner raised five (5) propositions of error, as follows:

> Proposition 1: The improper admission of other crimes or bad acts prejudiced the jury, deprived Mr. Burkhalter of his fundamental right to a fair trial and warrants reversal of his sentences.
>
> Proposition 2: Prosecutorial misconduct constituted fundamental error and deprived Mr. Burkhalter of a fair trial.
>
> Proposition 3: Mr. Burkhalter was prejudiced by ineffective assistance of counsel.
>
> Proposition 4: Mr. Burkhalter's punishment is grossly excessive and should shock the conscience of this court. Further, the trial court abused its discretion by ordering Appellant to serve all sentences in the instant case consecutively. Thus, this court should grant relief to Mr. Burkhalter.
>
> Proposition 5: The cumulative effect of all these errors deprived Mr. Burkhalter of a fair trial and warrants relief.

(Doc. 11-2). In an unpublished summary opinion, entered December 12, 2013, in Case No. F-2012-210, the OCCA affirmed the trial court's judgment and sentence. *See* Doc. 11-4. Petitioner did not seek post-conviction relief in the state courts prior to filing his federal habeas corpus petition.

On November 12, 2014, Petitioner filed his federal petition for writ of habeas corpus (Doc. 1) and supporting brief (Doc. 2). In his supporting brief, Petitioner identifies his claims as follows:

2

| | | |
|---|---|---|
| Ground 1: | | Improper admission of other crimes or bad acts prejudiced the jury, deprived Mr. Burkhalter of his fundamental right to a fair trial and warrants reversal of his sentences. |
| | A. | Petitioner's constitutional rights towards equal protection and due process was [sic] grossly violated by the state trial, OCCA and the state prosecutor, Sixth and Fourteenth Amendment[s] United States Constitution. |
| | B. | Petitioner['s] constitutional rights were violated by state prosecution improper conduct, which denied Petitioner a fair trial. |
| Ground 2: | | Prosecutorial misconduct constituted fundamental error and deprived Mr. Burkhalter of a fair trial. |
| | A. | Oklahoma laws require that expert witnesses must qualify as experts "by knowledge, skill, experience, training or education." |
| Ground 3: | | Mr. Burkhalter was prejudiced by ineffective assistance of counsel. |
| | A. | That the false statement of [the victim] was knowingly and intentionally with reckless disregard for the truth, was included by her and that false statement was necessary to the finding of probable cause affidavit in issuance of the search warrant in violation of Mr. Burkhalter's rights. |
| Ground 4: | | Mr. Burkhalter's punishment is grossly excessive and should shock the conscience of this court. Further, the trial court abused its discretion by ordering Appellant to serve all sentences in the instant case consecutively. Thus, this court should grant relief to Mr. Burkhalter. |
| Ground 5: | | The cumulative effect of all these errors deprived Mr. Burkhalter of a fair trial and warrants relief. |

(Doc. 2). In response to the petition, Respondent filed the motion to dismiss and supporting brief. In the supporting brief, Respondent argues that the petition should be dismissed without prejudice as a mixed petition containing both exhausted and unexhausted claims. *See* Doc. 11. Petitioner filed a response to the motion to dismiss, arguing that the claims raised in his supporting brief were presented to the OCCA on direct appeal and are exhausted. *See* Doc. 12 at 5. As a second argument, Petitioner alleges that it would be futile to return to state court to exhaust because the state

courts would impose a procedural bar on his claims. *Id.* at 7. Petitioner also requests that this action be stayed so that he may return to state court to exhaust his claims. *Id.* at 4.

## *ANALYSIS*

In the habeas corpus context, the United States Supreme Court "has long held that a state prisoner's federal petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement is based on the doctrine of comity. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982). Requiring exhaustion "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per curiam).

In order to exhaust a claim, the applicant "must 'fairly present' his claim in each appropriate state court . . . , thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam)); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (explaining that the exhaustion requirement dictates that a § 2254 petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review by the State's highest court). "The exhaustion requirement is satisfied if the issues have been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Brown v. Shanks*, 185 F.3d 1122, 1124 (10th Cir. 1999) (internal quotation marks omitted).

Here, upon review of the record, including the briefs filed by Petitioner and the State on direct appeal, the Court finds that, within each of his habeas claims, Petitioner raises additional claims that have not been presented to the OCCA. Even though the headings for the five habeas grounds of error match the headings for the five propositions of error presented to the OCCA on direct appeal, Petitioner expands his factual allegations and legal arguments within each ground. In addition, within the "Statement of the Facts" section of his habeas corpus supporting brief, Petitioner raises unexhausted claims that he was denied his right to "conflict free counsel," appellate counsel provided ineffective assistance in failing to raise claims of ineffective assistance of trial counsel on direct appeal, he is "actually innocent," the prosecution "suppressed documents," and he was denied a defense expert witness. *See* Doc. 2 at 3.

As his first proposition of error on direct appeal, Petitioner alleged that other crimes evidence, in the form of testimony by the victim's aunt, Altisha Boyd, was improperly admitted at trial. In contrast, in his first habeas ground of error, Petitioner claims that he was denied expert witness testimony to show that Altisha Boyd "live[d] in a make believe world and suffered from abnormal behavior." *See* Doc. 2 at 3. He also complains that "the jury could permissibly infer from James' testimony regarding the prior molestation that petitioner had the propensity to engage in sexual conduct with adolescent males." *Id.* Further, he complains that defense counsel was unprepared, failed to comply with discovery, failed to present material evidence, failed to show that the victim's testimony was distorted and marked by fantasy, failed to interview alibi witnesses, failed to know the sentencing range for one of the charged crimes, and failed to subject the prosecution's case to meaningful adversarial process. *Id.* at 6. In subparts A and B of Ground 1, Petitioner alleges that the State failed to present evidence corroborating the victim's testimony in

5

violation of his Sixth and Fourteenth Amendment rights, and that he was subjected to double jeopardy by the prosecutor's introduction of evidence of the same events and transactions in support of multiple counts. *Id.* at 7-9. None of the claims raised in the text of the first habeas ground of error has been presented to the OCCA.

As his second proposition of error on direct appeal, Petitioner alleged that the prosecutor engaged in misconduct when he improperly vouched for the State's witnesses during voir dire, improperly elicited sympathy for the victim during closing argument, and improperly accused defense counsel of wrongdoing during voir dire and closing argument. *See* Doc. 11-2 at 20-28. In contrast, as his second habeas ground of error, Petitioner alleges that prosecutorial misconduct occurred when Ms. Rose Turner, a social worker, was not qualified as an expert witness. (Doc. 2 at 10). He also complains that appellate counsel cited "the wrong standards for reviewing his [claim]." *Id.* Petitioner also references, without explanation, a *Brady*[2] violation. *Id.* at 11-12. None of the claims raised in the text of the second habeas ground of error has been presented to the OCCA.

As his third proposition of error on direct appeal, Petitioner claimed that trial counsel provided ineffective assistance when he failed to object to the prosecutor's improper vouching for the State's witnesses and his improper elicitation of sympathy for the victim. (Doc. 11-2 at 30). Petitioner also alleged that trial counsel provided ineffective assistance when he failed to move for a mistrial following the testimony of Altisha Boyd. *Id.* at 32. The claim of ineffective assistance of trial counsel raised in the habeas supporting brief is entirely different. Here, Petitioner alleges

---

[2]*Brady v. Maryland*, 373 U.S. 83 (1963) (holding that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution").

6

that trial counsel provided ineffective assistance when he failed "to request a *Franks*[3] hearing on the charges in the warrant information and the affidavit used for probable cause." (Doc. 2 at 13). Petitioner also complains of ineffective assistance of appellate counsel and that "trial counsel refused to call a material witness for the defense." *Id.* at 14-15. None of the claims raised in the text of the third habeas ground of error has been presented to the OCCA.

As his fourth proposition of error on direct appeal, Petitioner alleged that his sentences are "grossly excessive" and "should shock the conscience" of the appellate court. (Doc. 11-2 at 36). In contrast, in his supporting habeas brief, Petitioner claims that what is shocking to the conscience is that the trial court allowed multiple separate counts for "a single alleged conduct." (Doc. 2 at 16). Petitioner also alleges that his punishment under Okla. Stat. tit. 21, § 51.1, violated the legislative intent of the statute as well as equal protection of the laws. *Id.* None of the claims raised in the text of the fourth habeas ground of error has been presented to the OCCA.

As his fifth proposition of error on direct appeal, Petitioner alleged that the cumulative effect of the errors identified in the direct appeal brief deprived him of a fair trial. (Doc. 11-2 at 45). In his habeas brief, Petitioner also complains of cumulative error, but offers a completely different list of trial errors giving rise to cumulative error. (Doc. 2 at 17-19). The claim raised in the text of the fifth habeas ground of error has not been presented to the OCCA.

In summary, none of the claims contained in the text of Petitioner's supporting habeas brief has been presented to the OCCA. Therefore, all of those claims are unexhausted. The claims identified in the headings raised in the habeas supporting brief have been presented to the OCCA

---

[3]*Franks v. Delaware*, 438 U.S. 154, 155-56 (1978) (holding that a criminal defendant may challenge a facially sufficient affidavit for a search warrant on the ground that the police knowingly, intentionally or recklessly included false information).

7

and, to the extent Petitioner intended to include his direct appeal claims in this matter, those claims are exhausted. In the absence of an exception to the exhaustion doctrine, the instant petition is a "mixed petition," containing both exhausted and unexhausted claims, and is subject to dismissal for failure to exhaust state remedies. *Rose*, 455 U.S. 509 (holding that a federal district court must dismiss a habeas corpus petition containing exhausted and unexhausted grounds for relief). The Court notes that, under the facts of this case and contrary to Petitioner's argument asserted in response to the motion to dismiss (Doc. 12), requiring exhaustion may not be futile because Petitioner has an available remedy for his unexhausted claims, an application for post-conviction relief filed in Tulsa County District Court, Case No. CF-2009-3618. Therefore, the futility exception does not apply.

The enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA) in 1996 "dramatically altered the landscape for federal habeas corpus petitions" by preserving the "total exhaustion" requirement of *Lundy*, but at the same time imposing a 1-year statute of limitations on the filing of federal petitions. *Rhines v. Weber*, 544 U.S. 269, 274 (2005). "As a result of the interplay between AEDPA's 1-year statute of limitations and *Lundy*'s dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims." *Id.* at 275. Petitioner filed his petition for writ of habeas corpus prior to expiration of the 1-year limitations period. However, because the pendency of this federal action does not serve to toll the limitations period, *see Duncan v. Walker*, 533 U.S. 167, 181-182 (2001) (holding that the statute of limitations is not tolled during the pendency of a federal petition), if the Court were to dismiss this petition, Petitioner may be

8

precluded from returning to federal court after exhausting his claims by the § 2244(d) limitations period.[4]

The Court has discretion to stay this matter while Petitioner returns to state court to exhaust his unexhausted claims as raised in the supporting brief. *Rhines*, 544 U.S. at 276. However, the Court finds that course of action is unwarranted in this case. "Stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277. Petitioner offers no explanation for his failure to exhaust all of his claims before filing his petition. *See* Doc. 8. Furthermore, nothing in the record suggests that Petitioner can demonstrate "good cause" for his failure to exhaust each of his claims in state court prior to filing his petition. For that reason, the Court declines to stay this action.

Although a "stay and abeyance" is not warranted in this case, the Court will afford Petitioner the opportunity to file an amended petition to delete the unexhausted claims and to proceed with only exhausted claims. *See Rhines*, 544 U.S. at 278. Therefore, if Petitioner wishes to proceed at this time with only his exhausted claims, i.e., those claims that were presented to the OCCA on direct appeal, he may, within thirty (30) days of the entry of this Order, file an amended petition

---

[4]Petitioner's conviction became final for purposes of the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1)(A), on March 12, 2014, or 90 days after the OCCA affirmed Petitioner's judgment and sentence on direct appeal on December 12, 2013, when the period for seeking *certiorari* review in the United States Supreme Court had lapsed. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). Therefore, in the absence of statutory or equitable tolling, Petitioner's one year limitations period began to run on March 13, 2014, and his deadline for filing a timely petition for writ of habeas corpus was March 13, 2015. *See United States v. Hurst*, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline); *Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011). The petition in this case was filed November 12, 2014, or before the deadline. However, the deadline has now passed. As a result, if this Court were to dismiss this petition, any effort by Petitioner to return to federal court after exhausting state remedies may be time-barred since the one-year limitations period appears to have expired during the pendency of this action.

raising only his exhausted claims and deleting his unexhausted claims. If Petitioner fails to file an amended petition within thirty (30) days of the entry of this order, the Court will enter an order granting Respondent's motion to dismiss and dismissing this action in its entirety without prejudice for failure to exhaust state remedies.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Petitioner's petition is a "mixed petition," containing both exhausted and unexhausted claims, and is subject to dismissal in its current form.

2. On or before **July 9, 2015**, Petitioner may file an amended petition containing only exhausted claims and deleting his unexhausted claims.

3. Should Petitioner file an amended petition as directed herein, Respondent's motion to dismiss will be denied as moot and this action will proceed on claims raised in the amended petition.

4. Should Petitioner fail to file an amended petition by the above-referenced deadline, the Court will enter an Order granting Respondent's motion to dismiss and dismissing the petition for a writ of habeas corpus without prejudice for failure to exhaust available state remedies.

5. The Clerk is directed to send Petitioner a blank petition for writ of habeas corpus (form AO-241), marked "Amended" and identified as Case No. 14-CV-685-JED-FHM.

ORDERED THIS 10th day of June, 2015.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE