# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERMAINE MENDEZ BURKHALTER, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 14-CV-685-JED-FHM |
| ROBERT PATTON, ODOC Director, | ) ) ) |
| Respondent. | ) |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. On January 9, 2015, Respondent filed a motion to dismiss (Doc. 10) for failure to exhaust state remedies. By Opinion and Order filed June 9, 2015 (Doc. 13), as amended on June 10, 2015 (Doc. 14), the Court determined that the petition is a "mixed petition," subject to dismissal without prejudice for failure to exhaust. The Court provided Petitioner the opportunity to file an amended petition containing only his exhausted claims and deleting his unexhausted claims. On June 26, 2015, Petitioner filed an amended petition (Doc. 15), along with a supporting brief (Doc. 16). For factual support of the claims raised in the amended petition, Petitioner directs the Court to his supporting brief. *See* Doc. 15.

Because the amended petition replaces and supersedes the original petition, the original petition shall be declared moot. However, upon review of the amended petition and supporting brief, the Court finds that the amended petition remains a "mixed petition." Petitioner failed to delete his unexhausted claims as directed by the Court. Therefore, as discussed in more detail below, Respondent's motion to dismiss shall be granted and the amended petition shall be dismissed without prejudice for failure to exhaust state remedies.

As a preliminary matter, the Court hereby incorporates the "Background" section of the prior Opinion and Order, as amended (Doc. 14).

## *ANALYSIS*

In the habeas corpus context, the United States Supreme Court "has long held that a state prisoner's federal petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement is based on the doctrine of comity. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982). Requiring exhaustion "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per curiam).

In order to exhaust a claim, the applicant "must 'fairly present' his claim in each appropriate state court . . . , thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam)); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (explaining that the exhaustion requirement dictates that a § 2254 petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review by the State's highest court). "The exhaustion requirement is satisfied if the issues have been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Brown v. Shanks*, 185 F.3d 1122, 1124 (10th Cir. 1999) (internal quotation marks omitted).

Here, upon review of the record, including the briefs filed by Petitioner and the State on direct appeal, the Court finds that, within each of his habeas claims, as raised in his brief in support of his amended petition (Doc. 16), Petitioner continues to raise additional claims that have not been presented to the Oklahoma Court of Criminal Appeals ("OCCA"). While containing slight formatting differences, including the addition of subheadings for grounds 1, 2, and 3, copied by Petitioner from his direct appeal brief and randomly inserted in his habeas supporting brief, the brief in support of the amended petition is nearly identical to the brief in support of the original petition. Even though the headings for the five habeas grounds of error match the headings for the five propositions of error presented to the OCCA on direct appeal, Petitioner expands his factual allegations and legal arguments within each ground of the brief in support of the amended petition. In addition, within the "Statement of the Facts" section of his brief in support of his amended petition, Petitioner raises, as he did in his brief in support of his original petition, unexhausted claims that he was denied his right to "conflict free counsel," appellate counsel provided ineffective assistance in failing to raise claims of ineffective assistance of trial counsel on direct appeal, he is "actually innocent," the prosecution "suppressed documents," and he was denied a defense expert witness. *See* Doc. 16 at 3.

As his first proposition of error on direct appeal, Petitioner alleged that other crimes evidence, in the form of testimony by the victim's aunt, Altisha Boyd, was improperly admitted at trial. *See* Doc. 11-2 at 16-26. In contrast, in his first habeas ground of error raised in the brief in support of the amended petition, Petitioner claims that he was denied expert witness testimony to show that the victim "live[d] in a make believe world and suffered from abnormal behavior." *See*

3

Doc. 16 at 4. He also continues to complain that "the jury could permissibly infer from James'[1] testimony regarding the prior molestation that petitioner had the propensity to engage in sexual conduct with adolescent males." *Id.* Further, he complains that defense counsel was unprepared, failed to comply with discovery, failed to present material evidence, failed to show that the victim's testimony was distorted and marked by fantasy, failed to interview alibi witnesses, failed to know the sentencing range for one of the charged crimes, and failed to subject the prosecution's case to meaningful adversarial process. *Id.* at 7. In subpart 2 of Ground 1, Petitioner alleges that the State failed to present evidence corroborating the victim's testimony in violation of his Sixth Amendment rights, and that he was subjected to double jeopardy by the prosecutor's introduction of evidence of the same events and transactions in support of multiple counts. *Id.* at 7-9. Other than the subheadings contained within the first ground of error, none of the claims raised in the text of the first amended habeas ground of error has been presented to the OCCA. *Compare* Doc. 16 at 4-10 *with* Doc. 11-2 at 16-26.

As his second proposition of error on direct appeal, Petitioner alleged that the prosecutor engaged in misconduct when he improperly vouched for the State's witnesses during voir dire, improperly elicited sympathy for the victim during closing argument, and improperly accused defense counsel of wrongdoing during voir dire and closing argument. *See* Doc. 11-2 at 27-36. In contrast, as his second habeas ground of error raised in the brief in support of the amended petition, Petitioner continues to allege that prosecutorial misconduct occurred when Ms. Rose Turner, a social worker, was not qualified as an expert witness. (Doc. 16 at 10). He also complains that the OCCA cited "the wrong standards for reviewing his [claim]." *Id.* at 11. Petitioner also references, without

---

[1]The Court is unable to identify an individual named "James" in the record provided to date.

a comprehendible explanation, a *Brady*² violation. *Id.* at 11-13. Other than the subheadings contained within the second ground of error, none of the claims raised in the text of the second amended habeas ground of error has been presented to the OCCA. *Compare* Doc. 16 at 10-14 *with* Doc. 11-2 at 27-36.

As his third proposition of error on direct appeal, Petitioner claimed that trial counsel provided ineffective assistance when he failed to object to the prosecutor's improper vouching for the State's witnesses and his improper elicitation of sympathy for the victim. (Doc. 11-2 at 38). Petitioner also alleged that trial counsel provided ineffective assistance when he failed to move for a mistrial following the testimony of Altisha Boyd. *Id.* at 40. The claim of ineffective assistance of trial counsel raised in the brief in support of the amended petition is entirely different and includes claims that have not been presented to the OCCA. Here, Petitioner alleges that trial counsel provided ineffective assistance when he failed to request a *Franks*³ hearing on the "credibility to the charges in the warrant information and the affidavit." (Doc. 16 at 14). Petitioner also alleges that "counsel failed to present testimony from the expert witness to show that [the victim's] statements and account of events was [sic] a product of <u>her prior abuse</u>, <u>before Mr. Burkhalter's [sic] obtained custody</u>, that she suffered greatly under an [sic] delusion (psychotic fantasy of sexual intent or nature), [for] which she was receiving medical care." *Id.* at 15. Other than the subheadings contained within the third ground of error, none of the claims raised in the text of the third amended

---

²*Brady v. Maryland*, 373 U.S. 83 (1963) (holding that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution").

³*Franks v. Delaware*, 438 U.S. 154, 155-56 (1978) (holding that a criminal defendant may challenge a facially sufficient affidavit for a search warrant on the ground that the police knowingly, intentionally or recklessly included false information).

habeas ground of error has been presented to the OCCA. *Compare* Doc. 16 at 14-17 *with* Doc. 11-2 at 37-43.

As his fourth proposition of error on direct appeal, Petitioner alleged that his sentences are "grossly excessive" and "should shock the conscience" of the appellate court. (Doc. 11-2 at 44). In contrast, in his brief in support of his amended petition, Petitioner claims that what is shocking to the conscience is that the trial court allowed multiple separate counts for "a single alleged conduct." (Doc. 16 at 18). Petitioner also alleges that his punishment under Okla. Stat. tit. 21, § 51.1, violated the legislative intent of the statute as well as equal protection of the laws. *Id.* None of the claims raised in the text of the fourth amended habeas ground of error has been presented to the OCCA. *Compare* Doc. 16 at 17-18 *with* Doc. 11-2 at 44-52.

As his fifth proposition of error on direct appeal, Petitioner alleged that the cumulative effect of the errors identified in the direct appeal brief deprived him of a fair trial. (Doc. 11-2 at 53). In his brief in support of his amended petition, Petitioner also complains of cumulative error, but offers a completely different list of trial errors giving rise to cumulative error. (Doc. 16 at 18-21). The claim raised in the text of the fifth amended habeas ground of error has not been presented to the OCCA. *Compare* Doc. 16 at 18-21 *with* Doc. 11-2 at 53-54.

In summary, none of the claims contained in the text of Petitioner's brief in support of his amended habeas petition has been presented to the OCCA. Therefore, those claims are unexhausted and the amended petition is a "mixed petition." The Court notes that, under the facts of this case and contrary to Petitioner's argument asserted in response to the motion to dismiss (Doc. 12), requiring exhaustion may not be futile because Petitioner has an available remedy for his

6

unexhausted claims: an application for post-conviction relief filed in Tulsa County District Court, Case No. CF-2009-3618. Therefore, the futility exception does not apply.

Because Petitioner failed to comply with the Court's directive to delete his unexhausted claims resulting in the amended petition being a "mixed petition," the Court shall grant Respondent's motion to dismiss. The amended petition for writ of habeas corpus shall be dismissed without prejudice.

### Certificate of Appealability

A petitioner seeking relief under § 2254 is required to obtain a certificate of appealability (COA) to appeal a final order. 28 U.S.C. § 2253(c)(1)(A). Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, Petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Petitioner cannot satisfy the second prong of the required showing, i.e., that the Court's ruling resulting in the dismissal of the amended petition for failure to exhaust state court remedies is

7

debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve this matter differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The original petition for writ of habeas corpus (Doc. 1) is **declared moot**.

2. Petitioner failed to comply with the Court's directive to delete his unexhausted claims as raised in his brief in support of the amended petition (Doc. 16).

3. Petitioner's amended petition (Doc. 15), citing the brief in support (Doc. 16), is a "mixed petition," containing both exhausted and unexhausted claims.

4. Respondent's motion to dismiss (Doc. 10) is **granted**.

5. The amended petition for writ of habeas corpus (Doc. 15) is **dismissed without prejudice** for failure to exhaust available state remedies.

6. A certificate of appealability is **denied**.

7. A separate judgment shall be entered in favor of Respondent.

ORDERED THIS 15th day of July, 2015.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE